COURT OF APPEALS
DECISION
DATED AND FILED

May 19, 2026

Samuel A. Christensen
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2025AP568**

STATE OF WISCONSIN

Cir. Ct. No.  2024CV279

IN COURT OF APPEALS
DISTRICT III

CHAD OWENS AND STACY OWENS,

PLAINTIFFS-APPELLANTS,

V.

CITY OF CUMBERLAND BOARD OF APPEALS, ROBERT RUPPEL AND ANGELA RUPPEL,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Barron County: JAMES C. BABLER, Judge. *Affirmed.*

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Chad and Stacy Owens appeal a circuit court order dismissing their amended complaint, which sought certiorari review of a decision of the City of Cumberland Board of Appeals ("the Board") that granted a variance to Robert and Angela Ruppel. Pursuant to this court's decision in *St. Croix Scenic Coalition, Inc. v. Village of Osceola*, 2024 WI App 73, 414 Wis. 2d 549, 15 N.W.3d 917, *review denied*, 2025 WI 16, 23 N.W.3d 214, the circuit court concluded the Owens had failed to allege sufficient facts to demonstrate that they had standing to challenge the Board's decision under WIS. STAT. § 781.10 (2023-24).[1] We agree and, therefore, affirm the court's order dismissing the Owens' amended complaint.

## BACKGROUND

¶2 According to the amended complaint, the Owens and the Ruppels own adjacent waterfront properties in the City of Cumberland, Wisconsin. In April 2024, the Ruppels "commenced construction on a rebuild of structures located" on their property. Because the Ruppels' property is "a non-conforming lot on R-l zoned land with additional Shoreland Regulations," the rebuilding project required a variance. The Ruppels applied for a variance on August 8, 2024, and the Board initially denied their application. During a meeting on September 6, 2024, however, the Board reconsidered that decision and granted the Ruppels' application for a variance. The Board subsequently issued a written decision granting the variance on October 8, 2024.

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

¶3 On October 4, 2024, the Owens filed a summons and complaint in the circuit court, seeking certiorari review under WIS. STAT. § 781.10 of the Board's decision to grant the variance. *See St. Croix Scenic Coal.*, 414 Wis. 2d 549, ¶14 (explaining that when the legislature enacted § 781.10 in 2023, it "established a new, exclusive form of certiorari review for any final decision of a 'political subdivision on an application for' 'a permit or authorization for building, zoning, driveway, stormwater, or other activity related to residential development'" (citations omitted)). The Owens later filed an amended complaint, which asserted that the Board had erred in multiple respects by granting the variance.

¶4 The amended complaint further alleged that the Owens had standing to challenge the Board's decision under WIS. STAT. § 781.10(2)(c)3. because they

> have sustained actual damages and will imminently sustain actual damages that are personal to [the Owens] and distinct from damages that impact the public generally, as [the Owens'] property has sustained and will sustain a reduction in the value. Moreover, [the Owens] have sustained and will imminently sustain the loss of use and enjoyment of [their] property.

Additionally, as relevant to standing, the amended complaint alleged that the Owens had "submitted a statement in writing to the Board objecting to the variance as an affected property owner" and had "provided oral statements objecting to the variance at public proceedings held by the Board." *See* § 781.10(2)(c)3.

¶5 The Owens also attached to their amended complaint an "Appeal Letter to The Board of Appeals," dated September 5, 2024. In the letter, the Owens asserted that the structures on the Ruppels' property had "caused the adjacent property owner[s] hardships," including "[r]eduction in enjoyment of

property," "[r]eduction in [p]roperty value," "[r]eduction in [salability] of property," and "strife and hostility in the lake community."

¶6    The Board moved to dismiss the Owens' amended complaint, arguing that the Owens had "failed to allege that they have standing to bring this case." More specifically, the Board asserted that the Owens had failed "to allege actual damages" and had instead alleged only the "mere possibility of future harm, and harm that is factually indistinguishable from damages that impact the public generally." The Board argued that these allegations were insufficient to establish standing under WIS. STAT. § 781.10(2)(c)3., pursuant to this court's decision in *St. Croix Scenic Coalition*.

¶7    The circuit court agreed with the Board and granted its motion to dismiss the Owens' amended complaint. The court concluded that, under *St. Croix Scenic Coalition*, the amended complaint failed "to specify facts demonstrating that [the Owens] have standing." The court also rejected the Owens' argument that the Board's motion to dismiss was "inappropriate" because the record from the proceedings before the Board had not yet been transmitted to the court. *See* WIS. STAT. §§ 781.03(1), 781.10(2)(d)1. The court explained that it was required to consider the allegations in the Owens' amended complaint, rather than any materials in the record, when determining whether the Owens had sufficiently alleged standing for purposes of the Board's motion to dismiss.

¶8    The Owens now appeal from the circuit court's order dismissing their amended complaint.

## DISCUSSION

¶9      "Standing presents a question of law for our de novo review." *St. Croix Scenic Coal.*, 414 Wis. 2d 549, ¶9 (citation omitted).  "On review of a motion to dismiss for lack of standing, the court must 'take all facts alleged by [the petitioner] to be true in determining whether [the petitioner] has standing to bring [a] claim.'"  *Friends of the Black River Forest v. Kohler Co.*, 2022 WI 52, ¶11, 402 Wis. 2d 587, 977 N.W.2d 342 (first alteration in original; citation omitted).

¶10     A person seeking certiorari review under WIS. STAT. § 781.10 "shall file pleadings," which "shall specify facts demonstrating that the person has standing under" § 781.10(2)(c).     Sec. 781.10(2)(d)1.     As relevant here, § 781.10(2)(c) provides that an action under § 781.10 may be filed by

> [a] person that, as a result of the final decision on the application for an approval, sustains actual damages or will imminently sustain actual damages that are personal to the person and distinct from damages that impact the public generally.  A person under this subdivision may not seek review under this section unless, prior to the final decision on the approval, the person provided a statement in writing on the approval to the political subdivision or agency of the political subdivision or appeared and provided an oral statement at a public proceeding held by the political subdivision or agency of the political subdivision at which the approval was considered.

Sec. 781.10(2)(c)3.

¶11     As noted above, the Owens specifically alleged in their amended complaint that they had "submitted a statement in writing to the Board objecting to the variance as an affected property owner" and had "provided oral statements objecting to the variance at public proceedings held by the Board."  Thus, the disputed issue on appeal with respect to standing is whether the amended complaint sufficiently alleged that the Owens have "sustain[ed] actual damages or

will imminently sustain actual damages that are personal to [the Owens] and distinct from damages that impact the public generally." *See* *id.*

¶12     This court recently addressed the same issue in *St. Croix Scenic Coalition*.  The petitioner in that case, St. Croix Scenic Coalition ("the Coalition"), sought certiorari review of the Village of Osceola's decision to approve final site plans for a residential development.  *St. Croix Scenic Coal.*, 414 Wis. 2d 549, ¶1.

> The Coalition's amended petition for certiorari included statements regarding each of the eight members who joined in this action.  The petition alleged that each of the eight members owns property near the project's proposed development site.  According to the petition, seven of the members "believe" that the proposed development will decrease their property values if completed, and many expressed concerns that the project will negatively impact their enjoyment of their properties.  Some of the members also expressed their beliefs that the project will increase traffic and parking issues near their residences and "impact ... the utilities infrastructure."  The petition stated that [one member] has "concerns" that he will have issues accessing one of his two residences near the proposed development.  The petition alleged that most of the members believe the project will negatively impact the natural and scenic qualities of the St. Croix River that they enjoy, and some expressed concern that the finished development will be visible from the river.  Moreover, some members expressed concern that their taxes may increase, and one member stated he was concerned about pollution.

*Id.*, ¶21.

¶13     Additionally, one member of the Coalition, who owned property below the location of the proposed development, submitted an affidavit stating that he had "listed his property for sale because he 'was fearful of the impact of a large ... apartment building including a bar and restaurant with balconies looking down on [his] property and associated noise and light pollution coming down the hill.'"  *Id.*, ¶22 (alteration in original).  He also stated that two potential buyers

6

"withdrew their full-price interest" in his property after news of the proposed development became public. *Id.* He further stated he was "concerned" that retention ponds in the proposed development would fail and would damage his property "with a potential landslide." *Id.*

¶14 We concluded that these allegations were insufficient to establish standing under WIS. STAT. § 781.10(2)(c)3. We observed that many of the concerns raised in the Coalition's amended petition related to issues that were not "personal" to the Coalition's members or "distinct from damages that impact the public generally." *St. Croix Scenic Coal.*, 414 Wis. 2d 549, ¶23 (quoting § 781.10(2)(c)3.). Such concerns included those about the negative impact of the proposed development on the natural and scenic qualities of the St. Croix River, the development's impact on general enjoyment of the St. Croix River, possible pollution of the river, public parking issues and increased traffic, and impacts on taxation and infrastructure. *Id.*

¶15 We further noted that the members' concerns about "increased congestion with respect to parking and traffic, increased property taxes, infrastructure concerns, and diminished property values" were based "entirely on their generalized 'belief,'" and the members had cited "no evidence in their pleadings supporting any of the above claims." *Id.*, ¶24. We explained, "These unsupported allegations are insufficient to meet the statutory standard; actual sustained damage is not the mere possibility of future harm. Nor is the belief that the completed development may cause any of the above issues an 'imminent' consequence—rather, it is a possibility." *Id.* (citations omitted).

¶16 We also reasoned that, "[w]ith respect to property values, none of the statements in the petition articulate with specificity why the finished

development will decrease property values, and the Coalition provides no appraisals in support of its position." *Id.*, ¶25. We acknowledged that, generally, "an owner is competent to give opinion evidence as to value of his [or her] own property." *Id.*, ¶26 (alteration in original; citation omitted). We concluded, however, that "a member's mere statement that his or her property value may decline due to the proposed development, without more, fails to demonstrate the member has standing." *Id.* We emphasized that the Coalition's amended petition "failed to include any evidence regarding the members' property values or other evidence showing that their property values faced imminent reduction as a result of the proposed development." *Id.*

¶17 We similarly concluded that the affidavit submitted by one of the Coalition's members "lack[ed] sufficient information to conclude that [the member's] property diminished in value or that it was reasonably probable that the property value would diminish due to the proposed development." *Id.*, ¶27. Additionally, with respect to the retention ponds, we stated that the member's affidavit "offer[ed] only speculative concerns that a 'potential landslide' could occur," rather than alleging the existence of any "imminent" harm. *Id.* (citation omitted).

¶18 Ultimately, we concluded that the Coalition had "failed to plead sufficient facts to have standing" because "it failed to allege real, then-existing[] injuries to its individual members, or that the individual members reasonably faced such injury in the near future as a result of the Village's decision to approve the residential development application." *Id.*, ¶30. We reiterated that "[t]he alleged mere possibility of future harm, and harm that is factually indistinguishable from damages that impact the public generally," is insufficient to confer standing under WIS. STAT. § 781.10(2)(c)3. *St. Croix Scenic Coal.*, 414 Wis. 2d 549, ¶30.

¶19    We agree with the circuit court that *St. Croix Scenic Coalition* controls the outcome of this case.  The Owens' amended complaint alleged that the Owens have standing because they "have sustained actual damages and will imminently sustain actual damages that are personal to [them] and distinct from damages that impact the public generally."  In support of this allegation, the Owens asserted that their property "has sustained and will sustain a reduction in the value" and that they "have sustained and will imminently sustain the loss of use and enjoyment of [their] property."  In the letter attached to their amended complaint, the Owens similarly alleged that the structures on the Ruppels' property have harmed them by reducing their enjoyment of their property, reducing the property's value and salability, and causing "strife and hostility" in their community.

¶20    As in *St. Croix Scenic Coalition*, however, the Owens' amended complaint failed to allege *any* facts in support of these general claims.  As we explained in *St. Croix Scenic Coalition*, a property owner's generalized concerns about his or her property decreasing in value—without any evidence of an actual or imminent decrease—are insufficient to confer standing under WIS. STAT. § 781.10(2)(c)3.  *St. Croix Scenic Coal.*, 414 Wis. 2d 549, ¶26.  Similarly, *St. Croix Scenic Coalition* teaches that generalized concerns about the loss of enjoyment of property are insufficient to establish standing.  *See id.*, ¶¶21, 23.

¶21    The Owens argue that *St. Croix Scenic Coalition* is distinguishable because the standing allegations in that case "were based on what [the Coalition's members] 'believed' or 'feared' might happen."  The Owens contend that, in contrast, the standing allegations in their amended complaint "were not ple[d] as 'beliefs' or 'concerns.'"  The fact remains, however, that the Owens failed to allege any specific facts to support the generalized claims of harm set forth in their

amended complaint. The allegations in the amended complaint were therefore insufficient to establish standing, even though they were not phrased in terms of "beliefs" or "concerns."

¶22 The Owens also argue that *St. Croix Scenic Coalition* "is not applicable to the instant case as it was in an entirely different procedural position." The Owens emphasize that, unlike in *St. Croix Scenic Coalition*, the Board filed its motion to dismiss their amended complaint before the record from the proceedings before the Board was filed in the circuit court. Because the record had not yet been filed, the Owens assert that the Board's motion to dismiss was "at best premature."

¶23 As an initial matter, we note that the Owens' argument in this regard is underdeveloped. The Owens do not explain what information in the record would have supported their claim that they have standing to challenge the Board's decision under WIS. STAT. § 781.10(2)(c)3. As such, the Owens have not presented a developed argument explaining why it matters that the circuit court granted the Board's motion to dismiss for lack of standing before the record was filed. We need not address arguments that are insufficiently developed. *See **Papa v. DHS***, 2020 WI 66, ¶42 n.15, 393 Wis. 2d 1, 946 N.W.2d 17.

¶24 Regardless, the Owens' argument regarding the filing of the record is unpersuasive because a circuit court does not consider evidence in the record when deciding whether to grant a motion to dismiss. Rather, a motion to dismiss tests the legal sufficiency *of the complaint*. ***Wisconsin Realtors Ass'n v. Polk County***, 2026 WI App 12, ¶15, __ Wis. 2d __, 33 N.W.3d 526. As such, when a motion to dismiss is premised on the plaintiff's alleged lack of standing, the court must determine whether *the allegations in the complaint*, if true, are sufficient to

establish standing. *See id.*; *see also* **Friends of the Black River Forest**, 402 Wis. 2d 587, ¶11. Moreover, WIS. STAT. § 781.10(2)(d)1. expressly states that when a person seeks review of a municipality's decision under § 781.10, the person "shall file pleadings," and "*[t]he pleadings* shall specify facts demonstrating that the person has standing." (Emphasis added.) Thus, when determining whether the Owens had alleged sufficient facts to establish standing under § 781.10(2)(c)3., the circuit court properly confined its review to the allegations in the Owens' amended complaint. It is therefore immaterial that the record was not transmitted to the court before the Board filed its motion to dismiss.[2]

¶25 Finally, the Owens contend that they have alleged sufficient facts to establish their standing under WIS. STAT. § 781.10(2)(c)3. because their "view of the lake has been significantly reduced," which has negatively affected both their property's value and their use and enjoyment of the property. As the Board correctly notes, however, the Owens have raised this argument for the first time on appeal. Nowhere in their amended complaint or in the attached letter did the Owens allege that they had been, or would be, harmed due to a reduction in their view of the lake. Nor did the Owens raise that argument in their brief in opposition to the Board's motion to dismiss. "Arguments raised for the first time

---

[2] In *St. Croix Scenic Coalition, Inc. v. Village of Osceola*, 2024 WI App 73, ¶22, 414 Wis. 2d 549, 15 N.W.3d 917, *review denied*, 2025 WI 16, 23 N.W.3d 214, we considered an affidavit that was submitted by one of the Coalition's members after the Coalition filed its amended petition for certiorari review. Although the parties disputed whether that affidavit constituted a "pleading[]" for purposes of WIS. STAT. § 781.10(2)(d)1., we assumed, without deciding, "that the affidavit [was] reviewable for purposes of the standing analysis." *St. Croix Scenic Coal.*, 414 Wis. 2d 549, ¶22 n.6. There is no indication in *St. Croix Scenic Coalition* that the affidavit in question was part of the "record" that was filed in the circuit court pursuant to WIS. STAT. §§ 781.03(1) and 781.10(2)(d)1.

on appeal are generally deemed forfeited." ***Tatera v. FMC Corp.***, 2010 WI 90, ¶19 n.16, 328 Wis. 2d 320, 786 N.W.2d 810.

¶26    In any event, the Owens' argument that they have sufficiently alleged standing based on their reduced view of the lake also fails on the merits. The Owens have not alleged that they are the holders of an easement granting them the right to an unimpeded view of the lake over the Ruppels' property. Absent such an easement, the Owens have no right to an unobstructed view of the lake over property belonging to someone else.  As such, the alleged reduction in the Owens' view of the lake does not constitute the type of actual injury that is sufficient to confer standing under WIS. STAT. § 781.10(2)(c)3.  *Cf.* ***St. Croix Scenic Coal.***, 414 Wis. 2d 549, ¶20 (explaining that "[o]ne form of actual damage is *injury to a legal interest* or *loss of a legal right*" (emphasis added; citation omitted)).

¶27    In their reply brief, the Owens assert that their "significantly reduced" view of the lake "is analogous to a private nuisance."  The Owens, however, did not plead a nuisance claim against the Ruppels; they sought certiorari review of the Board's decision to grant the Ruppels a variance under WIS. STAT. § 781.10.  For all of the reasons already explained, the allegations in the Owens' amended complaint were insufficient to establish that the Owens have standing to challenge the Board's decision under § 781.10(2)(c)3.  We therefore affirm the circuit court's order granting the Board's motion to dismiss the Owens' amended complaint.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.